UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-14172-ALTMAN

**WINDY MALANDRINO**,

    *Plaintiff*,

v.

**WILLIAM CHRISTMAS**, *et al.*,

    *Defendants*.
_____/

## ORDER

Our Plaintiff, Windy Malandrino, has filed a civil-rights complaint under 42 U.S.C. § 1983 against several Defendants employed by the Florida Department of Corrections, the Florida Department of Children and Families ("DCF"), the Port St. Lucie Police Department, and the St. Lucie County State Attorney's Office. *See* Complaint [ECF No. 1] at 2–4. Malandrino alleges that the Defendants illegally searched her home, arrested and prosecuted her for child neglect, and removed her children from her custody. *See id.* at 6 ("My community control officer showed up [and] illegally allow[ed] the police [and] DCF in my home . . . illegally arrested me and removed my children[.]"). Since Malandrino's claims against the Defendants are inextricably bound up with *both* an ongoing state-court criminal prosecution *and* a pending state investigation into the welfare of her children, we **DISMISS** this case under the doctrine the Supreme Court articulated in *Younger v. Harris*, 401 U.S. 37 (1971).

### THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). A "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused

of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In screening a prisoner's complaint, we must "dismiss the complaint, or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In our Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g., Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## ANALYSIS

Malandrino's Complaint asserts claims arising from her arrest and ongoing prosecution for child neglect. Malandrino says that her "community control officer" illegally allowed police officers and DCF agents to enter her home and that the Defendants "illegally arrested me and removed my child[ren]," even though the "allegations don't rise to the level of a crime!" Complaint at 6. Malandrino asks for "these charges [to be] dismissed" and for her (and her children) to be compensated for "everything I've lost while incarcerated[.]" *Ibid.* Since Malandrino claims that her state-court prosecution for child neglect is "illegal," we'll take judicial notice of Malandrino's court records from the Nineteenth Judicial Circuit Court in and for St. Lucie County, Florida, which reveal that Malandrino is currently facing six counts of child neglect. *See State v. Malandrio*, No. 2023-CF-002019

(Fla. 19th Cir. Ct. July 24, 2023).[1] We now abstain from hearing this case because resolving Malandrino's claims would force us to interfere with important, ongoing state proceedings.

As the Supreme Court explained in *Younger*, principles of equity, comity, and federalism require federal courts to defer to ongoing state-court proceedings. *See* 401 U.S. at 43–44 ("[A] basic doctrine of equity jurisprudence [is] that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir.2003)). *Younger* mandates that federal courts "abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal litigation is in an embryonic stage and no contested matter has been decided." *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002) (cleaned up). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258,

---

[1] Federal Rule of Evidence 201 allows us to take judicial notice of records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (quoting FED. R. EVID. 201(b)). "Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice." *Ibid.* "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [the] district court." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)). We'll therefore allow this Order to serve as notice of our intent to take judicial notice of the state-court docket—a copy of which will be attached to this Order. If Malandrino objects to our decision to take judicial notice of these records, she may note that objection in a motion for reconsideration. Any such motion must be filed **within 28 days** of this Order and **may be no more than ten pages in length**. If the motion for reconsideration is late or exceeds **ten pages**, it will be stricken for non-compliance.

1263 (11th Cir. 2004). The exceptions to the *Younger* abstention doctrine apply where: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 53–54).

The *Younger* abstention doctrine unquestionably applies in this case because, in her Complaint, Malandrino squarely challenges the legality of her state-court criminal case. *See Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009) ("The abstention doctrine derived from *Younger* applies most often in cases involving pending state criminal prosecutions."); *see also* Complaint at 6 (demanding, as relief, that the "charges [be] dismissed"). In addition, Malandrino says that her children were "removed" from her custody— implying that the State is currently involved in the custody and care of her minor children—which implicates yet another important state interest under *Younger*. *See Moore v. Sims*, 442 U.S. 415, 423 (1979) (holding that federal courts should abstain under *Younger* when there is a "temporary removal of a child in a child-abuse context"); *see also Liedel v. Juv. Ct. of Madison Cnty., Ala.*, 891 F.2d 1542, 1546 (11th Cir. 1990) ("Thus, under *Younger* and *Sims* federal district courts may not interfere with ongoing child custody proceedings."). To sustain this action in federal court, therefore, Malandrino must meet one of the three *Younger* exceptions. *See Hughes*, 377 F.3d at 1262 ("When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief.").

But, since Malandrino never alleges that her ongoing state-court proceedings are "motivated by bad faith" or that "there is no adequate alternative state forum where [her] constitutional issues can be raised," *see id.* at 1263 n.6, she's waived any argument under two of *Younger*'s three exceptions, *see United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court sua sponte [only] in extraordinary circumstances."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678,

681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed waived."). Still, she *does* appear to say that her continued incarceration (coupled with her separation from her children) are causing her irreparable harm. *See* Complaint at 6 ("My children and myself have been severely traumatized extensive mental and emotional distress. . . . I'm still incarcerated [and] haven't seen or talked to my children in almost a year.").

Unfortunately for Malandrino, these injuries, while serious, don't rise to the level of "irreparable injury" within the meaning of *Younger*. "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' in the 'special legal sense of that term[.]'" *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (quoting *Younger*, 401 U.S. at 46). This is true even if the plaintiff is forced to endure pretrial detention. *See Wayne v. Florida*, 2023 WL 3303199, at *2 n.2 (S.D. Fla. May 8, 2023) (Altman, J.) ("Pretrial detention based on a judicial determination of probable cause, without more, does not amount to irreparable injury." (quoting *Harris v. Gee*, 2012 WL 3156589, at *1 (M.D. Fla. Aug. 3, 2012) (Moody, J.))). Likewise, Malandrino's separation from her children—and the possibility that she might lose custody over them in the future—doesn't constitute "irreparable injury." *See Moore*, 442 U.S. at 434 ("Unless we were to hold that every attachment issued to protect a child creates great, immediate, and irreparable harm warranting federal-court intervention, we are hard pressed to conclude that with the state proceedings in this posture federal intervention was warranted."); *Malachowski v. City of Keene*, 787 F.2d 704, 709 (1st Cir. 1986) ("Nor does [the plaintiffs'] loss of [the child's] custody, which might prove temporary, constitute the sort of serious, imminent, and irreparable harm that conceivably might warrant

6

extraordinary federal court intervention."); *Mannix v. Machnik*, 2006 WL 794764, at *4 (N.D. Ill. Mar. 24, 2006) ("Custody disputes generally do not rise to the level of 'extraordinary circumstances' negating the requirement of abstention."). Since none of *Younger*'s three exceptions apply here, we abstain from exercising our jurisdiction and now dismiss Malandrino's case.

Accordingly, we hereby **ORDER AND ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED without prejudice** under the *Younger* abstention doctrine. All pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on June 5, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Windy Malandrino, *pro se*